## Beauer v. Engle

*F. Lyman Windolph*, for plaintiff.
*Charles G. Baker*, for defendant.

SCHAEFFER, P. J., February 6, 1942.—In this case defendant appealed from the judgment of the alderman in favor of plaintiff for $231.16. A petition was then presented by plaintiff for the appointment of a guardian for the minor defendant in accordance with Pennsylvania Rule of Civil Procedure 2031 (b).

The question arises whether a guardian of a minor defendant can be appointed after the case has been appealed to the court of common pleas.

Rule 2028 (c) 1 provides that "No change is made in the prior practice of starting personal actions against a minor in his own name and of serving him as though he were an adult." In Goodrich-Amram Procedural Rules Service in section 2028 (c) -2, it is said:

"While it is therefore necessary that some one secure the appointment of a representative for the minor defendant prior to verdict and judgment it is not made mandatory that the plaintiff should do so immediately upon commencing the action."

The subsequent appointment of a guardian to supervise and control an action in the minor's behalf is essential to the rendition of a valid judgment against the minor. An action is defined by Rule 2026 as "any civil action or proceeding at law or in equity brought in or *appealed* to any court of record which is subject to these rules." (Italics supplied.) In Gilbert v. Gougler (No. 2), 5 Northumb. 466, a suit was brought before a justice of the peace and defendant appealed to the court of common pleas. After the appeal was taken a guardian for the minor defendant was appointed by the court of common pleas.

The court concludes that a guardian for the minor defendant can and should be appointed at this stage of the case.

And now, February 6, 1942, the rule to show cause why a guardian should not be appointed for the minor defendant is made absolute and the court appoints Charles R. Waters as guardian of Alvin Engle, defendant in the above cause.